# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: October 16, 2024

| | | |
|---|---|---|
| * * * * * * * * * * * * * * | * | |
| KRISTEN COONS, | * | |
| | * | |
| Petitioner, | * | No. 20-1067V |
| | * | |
| v. | * | Special Master Dorsey |
| | * | |
| SECRETARY OF HEALTH | * | Damages Award; Tetanus Diphtheria |
| AND HUMAN SERVICES, | * | Toxoid ("Td") Vaccine; Small Fiber |
| | * | Neuropathy. |
| Respondent. | * | |
| | * | |
| * * * * * * * * * * * * * * | * | |

<u>Andrew Donald Downing</u>, Downing, Allison & Jorgenson, Phoenix, AZ, for Petitioner.
<u>Camille Jordan Webster</u>, U.S. Department of Justice, Washington, DC, for Respondent.

**DECISION AWARDING DAMAGES BASED ON PROFFER**[1]

On August 25, 2020, Kristen Coons ("Petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program ("Vaccine Act" or "the Program"), 42 U.S.C. § 300aa-10 <u>et seq.</u> (2018).[2] Petitioner alleged that as a result of a tetanus diphtheria toxoid ("Td") vaccine administered on June 23, 2019, she developed "a severe neurological injury." Petition at Preamble (ECF No. 1). On March 29, 2024, the undersigned issued a ruling finding Petitioner entitled to compensation. Ruling on Entitlement dated Mar. 29, 2024 (ECF No. 98). Petitioner provided preponderant evidence that her Td vaccine caused her neurological condition, small fiber neuropathy. <u>Id.</u>

---

[1] Because this Decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 to -34 (2018). All citations in this Decision to individual sections of the Vaccine Act are to 42 U.S.C. § 300aa.

On October 15, 2024, Respondent filed a Proffer on Award of Compensation ("Proffer"), attached hereto as Appendix A. In the Proffer, Respondent represented that Petitioner agrees with the proffered award. Proffer at 1-2. Based on the record as a whole, the undersigned finds that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, the undersigned awards Petitioner:

**(1) A lump sum payment of $144,627.10, representing compensation for pain and suffering ($130,000.00), past and future lost earnings ($14,055.08), and past unreimbursable expenses ($572.02) in the form of a check payable to Petitioner.**

Proffer at 1-2. This amount represents all elements of compensation to which petitioner is entitled under § 15(a). Id. at 2.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** herewith.[3]

**IT IS SO ORDERED.**

<u>s/Nora Beth Dorsey</u><br>
Nora Beth Dorsey<br>
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.

2

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| KRISTEN COONS, | |
| Petitioner, | No. 20-1067V |
| | ECF |
| v. | Special Master Nora Beth Dorsey |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | |
| Respondent. | |

### RESPONDENT'S PROFFER ON AWARD OF DAMAGES

On March 29, 2024, the Special Master issued a Ruling on Entitlement finding petitioner entitled to Vaccine Act compensation for a small fiber neuropathy following a tetanus diphtheria toxoid ("Td") vaccine. ECF No. 98. On that same day, the Special Master issued a Damages Order. ECF No. 99. Respondent now proffers the following regarding the amount of compensation to be awarded.[1]

**I.  Items of Compensation**

   A.  Pain and Suffering

Respondent proffers that petitioner should be awarded $130,000.00 in actual pain and projected suffering. This amount reflects that any award for projected pain and suffering has been reduced to net present value. *See* 42 U.S.C. § 300aa-15(a)(4). Petitioner agrees.

---

[1] The parties have no objection to the amount of the proffered award of damages. However, respondent reserves his right, pursuant to 42 U.S.C. § 300aa-12(f), to seek review of the Special Master's March 29, 2024 Ruling on Entitlement, finding petitioner entitled to an award under the Vaccine Act. This right accrues following the issuance of the damages decision.

B. Lost Earnings

The parties agree that based upon the evidence of record, petitioner has suffered past loss of earnings and will suffer future loss of earnings as a result of her small fiber neuropathy. Therefore, respondent proffers that petitioner should be awarded lost earnings as provided under the Vaccine Act, 42 U.S.C. § 300aa-15(a)(3)(A). Respondent proffers that the appropriate award for petitioner's past and future lost earnings is $14,055.08. Petitioner agrees.

C. Past Unreimbursable Expenses

Evidence supplied by petitioner documents her expenditure of past unreimbursable expenses related to her small fiber neuropathy. Respondent proffers that petitioner should be awarded past unreimbursable expenses in the amount of $572.02. Petitioner agrees.

These amounts represent all elements of compensation to which petitioner is entitled under 42 U.S.C. § 300aa-15(a). Petitioner agrees.

**II.     Form of the Award**

Petitioner is a competent adult. Evidence of guardianship is not required in this case. Respondent recommends that the compensation provided to petitioner should be made through a lump sum payment as described below and requests that the Special Master's decision and the Court's judgment award the following[2]: a lump sum payment of $144,627.10, in the form of a check payable to petitioner.

**III.    Summary of Recommended Payment Following Judgment**

Lump sum payable to petitioner, Kristen Coons:       **$144,627.10**[3]

---

[2] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future lost earnings and future pain and suffering.

[3] This proffer does not include any award for attorneys' fees and costs that may be awarded pursuant to 42 U.S.C. § 300aa-15(e).

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

C. SALVATORE D'ALESSIO
Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

VORIS E. JOHNSON, JR.
Assistant Director
Torts Branch, Civil Division

/s/CAMILLE J. WEBSTER
CAMILLE J. WEBSTER
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Ben Franklin Station Washington, D.C. 20044-0146
Direct dial: (202) 307-3241
Email: Camille.Webster@usdoj.gov

Date:   October 15, 2024

3