# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**

(Filed: January 17, 2025)

| | | |
|---|---|---|
| KRISTEN COONS, | * | |
| | * | No. 20-1067V |
| Petitioner, | * | |
| | * | Special Master Dorsey |
| v. | * | |
| | * | Attorneys' Fees and Costs |
| | * | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |

Andrew Donald Downing, Downing, Allison & Jorgenson, Phoenix, AZ, for petitioner.
Camille Jordan Webster, U.S. Department of Justice, Washington, D.C., for respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On August 25, 2020, Kristen Coons ("Petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program ("Vaccine Act" or "the Program"), 42 U.S.C. § 300aa-10 et seq. (2018).[2] Petitioner alleged that as a result of a tetanus diphtheria toxoid ("Td") vaccine administered on June 23, 2019, she developed "a severe neurological injury." Petition at Preamble (ECF No. 1). On October 15, 2024, the parties filed a proffer, which the undersigned adopted as her decision awarding compensation on October 16, 2024. (ECF No. 118).

On, February 3, 2022, Petitioner filed a motion for interim attorneys' fees and costs requesting $51,507.37 in interim fees and costs. (ECF No. 45). On May 19, 2022, Petitioner's

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 to -34 (2018). All citations in this Decision to individual sections of the Vaccine Act are to 42 U.S.C. § 300aa.

motion was granted in part and she was awarded $50,757.37. (ECF No. 55).

On October 22, 2024, Petitioner filed a final motion for attorneys' fees and costs. Motion for Attorney Fees and Costs ("Fees App.") (ECF No. 120). Petitioner requests compensation in the amount of $64,543.13, representing $64,224.50 in attorneys' fees and $318.63 in attorneys' costs. Fees App. Ex. A at 5, 23. Pursuant to General Order No. 9, petitioner warrants that she did not personally incur any expenses associated with the claim. Fees App. at 1. Respondent filed his response on November 21, 2024, indicating that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Response at 2. (ECF No. 120). Regarding appropriate hourly rates for an attorney or expert, Respondent additionally "urges the Court to consider the practitioner's experience in the Vaccine Program, overall legal or medical experience, the quality of the work performed and whether that work was necessary (including the length of any filing), and the practitioner's reputation in the legal or expert community and community at large." *Id.* at 3. Respondent further states, "[t]o determine the appropriate attorney hourly rate, the Court should also identify whether the bulk of the work was performed in the District of Columbia or in the attorney's locale, and whether the Vaccine Program D.C. forum rate would result in overcompensation." *Id*. Petitioner did not file a reply thereafter.

The matter is now ripe for disposition.

**For the reasons discussed below, the undersigned GRANTS IN PART petitioner's motion and awards a total of $62,940.13.**

## I. Discussion

Under the Vaccine Act, the special master shall award reasonable attorneys' fees and costs for any petition that results in an award of compensation. 42 U.S.C. § 300aa-15(e)(1). When compensation is not awarded, the special master "may" award reasonable attorneys' fees and costs "if the special master or court determines that the petition was brought in good faith and there was a reasonable basis for the claim for which the petition was brought." Id. at §15(e)(1). In this case, because petitioner was awarded compensation pursuant to a proffer, she is entitled to a final award of reasonable attorneys' fees and costs.

### a. Reasonable Attorneys' Fees

The Federal Circuit has approved use of the lodestar approach to determine reasonable attorney's fees and costs under the Vaccine Act. Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1349 (Fed. Cir. 2008). Using the lodestar approach, a court first determines "an initial estimate of a reasonable attorney's fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" Id. at 1347-58 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Then, the court may make an upward or downward departure from the initial calculation of the fee award based on other specific findings. Id. at 1348.

Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. See Savin v. Sec'y of Health and Human Servs., 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." Saxton v. Sec'y of Health and Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." Id. at 1522. Furthermore, the special master may reduce a fee request sua sponte, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. See Sabella v. Sec'y of Health & Human Servs., 86 Fed. Cl. 201, 209 (2009).

A special master need not engage in a line-by-line analysis of a petitioner's fee application when reducing fees. Broekelschen v. Sec'y of Health & Human Servs., 102 Fed. Cl. 719, 729 (2011). Special masters may rely on their experience with the Vaccine Program and its attorneys to determine the reasonable number of hours expended. Wasson v. Sec'y of Health and Human Servs., 24 Cl. Ct. 482, 484 (Fed. Cl. Nov. 19, 1991) rev'd on other grounds and aff'd in relevant part, 988 F. 2d 131 (Fed. Cir. 1993). Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours clamed in attorney fee requests … [v]accine program special masters are also entitled to use their prior experience in reviewing fee application." Saxton, 3 F. 3d at 1521.

**i. Reasonable Hourly Rates**

Petitioner requests a total of $64,224.50 in attorneys' fees. Petitioner requests the following hourly rates for the work of her counsel: for Mr. Andrew Downing, $415.00 or $445.00 per hour for work performed in 2022, $445.00 per hour for work performed in 2023, and $485.00 per hour for work performed in 2024; and for Ms. Courtney Jorgenson (also billing time as Courtney Van Cott), $325.00 or $345.00 per hour for work performed in 2022 and 2023, and, $375.00 per hour for work performed in 2024; for Ms. Ann Allison, $415.00 per hour for work performed in 2022 and 2023, and $435.00 per hour for work performed in 2024. Additionally, for paralegals, Petitioner requests $135.00 or $155.00 per hour for work performed in 2022, $155.00 per hour for work performed in 2023, and $175.00 per hour for work performed in 2024. The requested rates for 2020, 2021, 2023 and 2024 are consistent with what counsel have previously been awarded, and the undersigned finds them to be reasonable herein. However, the 2022 rates require adjustment. Mr. Downing's, Ms. Jorgenson's, and the paralegals rates for work performed in 2022 are inconsistent with rates that have been previously awarded. See, e.g., Gonzalez v. Sec'y of Health & Human Servs., No. 21-1859V, 2024 WL 2698531 (Fed. Cl. Spec. Mstr. Apr. 17, 2024) (awarding Mr. Downing a rate of $415.00 per hour, and Ms. Jorgenson a rate of $325.00 per hour for time billed in 2022); Wakileh v. Sec'y of Health & Human Servs., No. 21-1136V, 2023 WL 9228198 (Fed. Cl. Spec. Mstr. Dec. 18, 2023) (awarding the paralegals a rate of $135.00 per hour for time billed in 2022). The rates requested for 2022 reflect an hourly increase of $30.00 for Mr. Downing, $20.00 for Ms. Jorgenson, and $20.00 per hour for the paralegals. The undersigned shall therefore reduce the requested 2022 rates for Mr. Downing and

Ms. Jorgenson to those which were previously awarded. This reduces the amount of attorney's fees to be awarded by **$603.00**.[3]

### ii. Reasonable Hours Expended

In reducing an award of fees, the goal is to achieve rough justice, and therefore a special master may take into account their overall sense of a case and may use estimates when reducing an award. See Florence v. Sec'y of Health & Human Servs., No. 15-255V, 2016 WL 6459592, at *5 (Fed. Cl. Spec. Mstr. Oct. 6, 2016) (citing Fox v. Vice, 563 U.S. 826, 838 (2011). It is well established that an application for fees and costs must sufficiently detail and explain the time billed so that a special master may determine, from the application and the case file, whether the amount requested is reasonable. Bell v. Sec'y of Health & Human Servs., 18 Cl. Ct. 751, 760 (1989); Rodriguez, 2009 WL 2568468. Petitioner bears the burden of documenting the fees and costs claimed. Id. at *8.

Upon review of the submitted billing records, the undersigned finds the majority of the time billed to be reasonable. The timesheet entries are sufficiently detailed for an assessment to be made of the entries' reasonableness. A small reduction, however, is necessary due to excessive paralegal time billed. Paralegals billed time on administrative tasks (e.g., filing documents). Paralegal time was also excessive for review of filings (e.g., between 0.1 and 0.3 hours to receive and review status reports and scheduling orders). These issues have previously been raised with Mr. Downing, including in the interim attorneys' fees and costs decision previously issued in this case. See Coons v. Sec'y of Health & Human Servs., No. 20-1067V, 2022 WL 2294213, at *6 (Fed. Cl. Spec. Mstr. May 19, 2022); see also, Hoover, 2021 WL 5575768, at *9; Sheridan v. Sec'y of Health & Human Servs., No. 17-669V, 2019 WL 948371, at *2-3 (Fed. Cl. Spec. Mstr. Jan. 31, 2019); Moran v. Sec'y of Health & Human Servs., No. 16-538V, 2019 WL 1556701, at *4 (Fed. Cl. Spec. Mstr. Jan. 23, 2019). Therefore, a reasonable reduction of **$1,000.00** is being made for excessive billing for paralegal time. Petitioner is therefore awarded final attorneys' fees of $62,621.50.

### b. Attorneys' Costs

Petitioner requests a total of $318.63 in attorneys' costs. This amount is comprised of acquiring medical records and postage. Fees App. Ex. A at 5, 22-23. The undersigned has reviewed the requested costs and finds them to be reasonable. Accordingly, the full amount of costs shall be awarded.

## II. Conclusion

Based on all of the above, the undersigned finds that it is reasonable compensate petitioner and her counsel as follows:

[3] This amount consists of ($445 - $415 = $30 x 4.5 hrs = $135.00) + ($345 - $325 = $20 x 18.9 hrs = $378.00) + ($155 - $135 = $20 x 4.5 hrs = $90.00) = $603.00.

| | |
|---|---|
| Attorneys' Fees Requested | $64,224.50 |
| (Total Reduction from Billing Hours) | ($1,603.00) |
| **Total Attorneys' Fees Awarded** | **$62,621.50** |
| | |
| Attorneys' Costs Requested | $318.63 |
| (Reduction of Costs) | - |
| **Total Attorneys' Costs Awarded** | **$318.63** |
| | |
| **Total Attorneys' Fees and Costs Awarded** | **$62,940.13** |

**Accordingly, the undersigned awards $62,940.13 representing reimbursement for Petitioner's attorneys' fees and costs, to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with this decision.[4]

**IT IS SO ORDERED.**

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Special Master

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.